UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-23847-JLK

THOMAS COOK,

    Plaintiff,

v.

JULIE L. JONES, et al.,

    Defendants.
_____/

## ORDER AFFIRMING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*THIS CAUSE* is before the Court upon Magistrate Judge Lisette Reid's July 8, 2019 Report and Recommendation on Defendants' Motions to Dismiss (DE 76) (the "R&R"). No objections to the R&R have been filed, and the time to do so has passed.

### I. BACKGROUND

*Plaintiff* brings this *pro se* prisoner suit pursuant to 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs—specifically, by failing to provide treatment for Hepatitis C Virus ("HCV") using direct-acting antiviral medication ("DAA"). *See* Am. Compl. ¶ 1, DE 14. The Amended Complaint names three defendants: (1) Julie L. Jones, Secretary of the Florida Department of Corrections ("FDC"); (2) Daniel L. Conn, president of Wexford Health Sources, Inc.; and (3) H. Matos, M.D., a physician allegedly employed by Conn. *See id.* ¶¶ 11–15. Plaintiff alleges that even though the established standard of care for HCV is to provide DAAs immediately—regardless of the stage of the disease, *see id.* ¶¶ 27–34—Defendants have a policy that provides treatment

only for prisoners "with the most advanced stages of the disease," and, in practice, provide treatment to "almost none of the HCV-positive prisoners," including Plaintiff, *id.* ¶¶ 35–43. Plaintiff requests injunctive relief requiring the FDC to provide DAA medication, and compensatory and punitive damages against each defendant. *See id.* ¶ 55.

On November 20, 2018, Defendant Jones filed her Motion to Dismiss the Amended Complaint on grounds that the injunctive relief claims were rendered moot by an injunction already entered against the FDC in a class action in the Northern District of Florida, *Hoffer v. Jones*, Case No. 4:17-cv-214 (N.D. Fla. Nov. 17, 2017). *See* DE 33 at 5; DE 75-2. While Plaintiff initially contested Jones's mootness arguments (*see* DE 35), he now concedes an injunction is "no longer necessary" since "treatment with DAA drugs began on March 11, 2019" (*see* DE 69 at 2). However, Plaintiff maintains that his damages claims should be allowed to proceed because no such relief was granted in *Hoffer*. *See* DE 35 at 3.

On February 12, 2019, Defendant Conn filed his Motion to Dismiss, contending that Plaintiff fails to state a valid claim against Conn, but "the corporate entity, Wexford Health Sources, Inc. should remain as the named defendant." *See* DE 50 at 2. In response, Plaintiff argues that he has pled a valid claim against Conn individually because, "[a]s president and CEO of Wexford," Conn is "the ultimate policy maker." DE 61 at 4.

On July 8, 2019, Magistrate Judge Reid issued her R&R on the Motions to Dismiss. *See* DE 76. The R&R recommends granting in part and denying in part Jones's Motion to Dismiss, concluding that the claims for injunctive relief should be dismissed with prejudice based on mootness, while the claims for damages should be allowed to proceed. *See id.* at 9. The R&R notes that Jones failed to address Plaintiff's claims for damages in her Motion

to Dismiss and concludes that Plaintiff has presented sufficient allegations to state a claim against Jones in any event. *Id.* at 7. As to Conn, the R&R recommends granting the Motion to Dismiss and substituting Wexford Health Sources, Inc. in place of Conn. *Id.* at 10.[1]

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(b), a district judge may accept, reject, or modify a magistrate judge's report and recommendation on a dispositive motion. Fed. R. Civ. P. 72(b). After careful consideration, the Court finds that the R&R should be affirmed in part and modified in part.

While the Court agrees that Plaintiff's injunctive relief claims should be dismissed because (as Plaintiff concedes) those claims are now moot, the dismissal should not be with prejudice. Instead, because "mootness is jurisdictional," *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006), the injunctive relief claims should be dismissed for lack of subject-matter jurisdiction.

As to Conn, the Court agrees that Plaintiff's claims are based on Wexford's policy regarding HCV treatment, not Conn's. *See, e.g.*, Am. Compl. ¶¶ 42–43. Thus, Conn should be dismissed as a party defendant, and Wexford may be substituted as a defendant in place of Conn. However, because Wexford has not been formally added or served, and because counsel has not appeared on Wexford's behalf, any substitution will require Plaintiff to file and serve a Second Amended Complaint naming Wexford as a defendant.

---

[1] While the R&R refers to "Wexford Health Services" (R&R at 3), the Amended Complaint refers to "Wexford Health Sources" (Am. Compl. ¶ 1). Thus, the Court construes the R&R to recommend substituting Wexford Health Sources as a defendant in place of Conn.

## III. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Magistrate Judge's Reid's July 8, 2019 Report and Recommendation **(DE 76)** be, and the same hereby is, **AFFIRMED in part** and **MODIFIED in part**; Defendant Jones's Motion to Dismiss **(DE 33)** is **GRANTED in part** and **DENIED in part**, such that Plaintiff's *injunctive* relief claims are **DISMISSED** for lack of jurisdiction under the mootness doctrine, but the claims for damages shall remain pending; and Defendant Conn's Motion to Dismiss **(DE 50)** is **GRANTED**, such that Daniel L. Conn is **DISMISSED** from this action, and Plaintiff may file a Second Amended Complaint within **twenty (20) days** of the date of this Order adding Wexford Health Sources, Inc. as a party defendant in place of Conn.

It is further **ORDERED AND ADJUDGED** that Magistrate Judge Reid's March 7, 2019 Scheduling Order **(DE 57)** is **VACATED**; and Defendant's Motion to Extend Pretrial Deadlines **(DE 77)** is **DENIED AS MOOT**. The Court will enter a Scheduling Order by separate order at a later date.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 5th day of August, 2019.

```
                              JAMES LAWRENCE KING
                              UNITED STATES DISTRICT JUDGE
```

cc:   All counsel of record
      Thomas Cook, *pro se*
      Magistrate Judge Lisette Reid