UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23847-CV-KING
MAGISTRATE JUDGE REINHART

THOMAS COOK,

    Plaintiff,

v.

JULIE JONES, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Cause is before the Court upon periodic review of the case in light of the Court's order [ECF No. 111] directing Plaintiff to file a response to the Motions for Summary Judgment filed by Defendants, Wexford Health Sources, Inc. and Dr. Hipolito Matos [ECF Nos. 107-108]. Plaintiff was ordered to file a response on or before November 5, 2020. *See* [ECF No. 111 at 3]. Plaintiff has not sought additional time to file a response. The time for filing Plaintiff's response to the summary judgment motions has expired. The Court's Order has not been returned by the U.S. Postal Service as undeliverable.

The case has been referred to me for a Report and Recommendation on any

dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons set forth below, I recommend that the case be dismissed without prejudice.

## II. Discussion

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Fed. R. Civ. P. 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, No. 11-10518, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *Chambers,* 501 U.S. at 43; *Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Servs., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers,* 501 U.S. at 43).; *Coleman*, 433 F. App'x at 718*; Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* ... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the

Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction... to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *see also Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citing *Morewitz*, 62 F.3d at 1366).

By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor*, 251 F. App'x at 619; *Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802-03.

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's

current address for purpose of service); *Taylor*, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Given the foregoing, this case should be dismissed pursuant to the Court's inherent authority and Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with the court's order and for want of prosecution.

### III. Conclusion

It is therefore **RECOMMENDED** that:

1. Plaintiff's civil rights action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute by failing to comply with the Court's Order requiring a response to the motions for summary judgment;

2. Defendants' motions for summary judgment [ECF Nos. 107-108] be **DENIED AS MOOT;** and,

3. The case be **CLOSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable James Lawrence King, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS**

of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C).

Signed this 12th day of November, 2020.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

cc:
Thomas Cook, *Pro Se*
Inmate #069123
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178

Alexander Dombrowsky, Esquire
Attorneys for Defendants Wexford and Matos
Chimpoulis, Hunter & Lynn
150 South Pine Island Road, Suite 510
Plantation, FL 33324
Email: adombrowsky@chl-law.com